IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE APPLICATION OF THE
UNITED STATES OF AMERICA FOR
AN ORDER PURSUANT TO
18 U.S.C. § 2703(d)

MAGISTRATE NO. _16-434_

UNDER SEAL

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Verizon Wireless, a cellular service provider located in Basking Ridge, NJ, and any other applicable cellular telephone service provider, to disclose certain records and other information pertaining to the use of five cellular telephones, using the following numbers:

1. (724) 541-3261 ("Subject Telephone 1")

2. (412) 297-2132 ("Subject Telephone 2")

3. (724) 599-9923 ("Subject Telephone 3")

4. (724) 541-1364 ("Subject Telephone 4")

5. (724) 464-7397 ("Subject Telephone 5")

(the "Subject Telephones") with service provided by Verizon Wireless, for the period from **January 1, 2015, to the present**. The records sought by this application contain historical cell

1

site location and sector/face information which is referred to herein as "historical cell site location information" or as "H-CSLI".    The records do not contain the content of any communications.    Rather, the records contain all call and text message detail data regarding which cellular towers (i.e., antenna towers covering specific geographic areas) and sectors (i.e., faces of the towers) received a signal from, or sent a signal to, the Subject Telephones during the stated time period.

In support of this application, the United States asserts:

## LEGAL BASIS

1.    Verizon Wireless is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15). Accordingly, the United States may use a court order issued under § 2703(d) to require Verizon Wireless to disclose the items applied for herein.  See 18 U.S.C. § 2703(c)(1).

2.    This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.    See 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated.  See 18 U.S.C. § 2711(3)(A)(i).

3.    A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the

contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information applied for herein are relevant and material to an ongoing criminal investigation.

### FACTUAL BASIS

4. The following information was provided to the undersigned applicant by the Drug Enforcement Administration as a result of an investigation into three heroin overdose deaths which occurred in Indiana County, in the Western District of Pennsylvania, on March 30-31, 2016. The investigation concerns possible violations of, inter alia, 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).

5. I am aware as a result of information provided by law enforcement that those engaged in unlawful activity often rely heavily on their cellular telephones and related communications. These communications, in the form of telephone calls, voice messages, sms text messages, and other similar communications, cause their cellular telephones to emit and receive electronic signals to and from cellular telephone company cell towers. The cellular telephone company records of the interaction between these signals and the cell towers used

to receive and send them can indicate the general geographic location of the individual using a particular cellular telephone at a particular moment in time.

6. Law enforcement has probable cause to believe that the users of Subject Telephones 1 and 2 ("the suppliers") supplied heroin to the users of Subject Telephones 3, 4, and 5 ("the victims"), and that the victims died as a result of using that heroin, in what is commonly known as an "overdose." Therefore, the records requested in this application are relevant and material to the investigation, because the records would provide information about the location of the suppliers' and victims' telephones near the time of the deaths. In addition, the records throughout the entire stated time period, from January 1, 2015, to the present, will allow law enforcement to better understand the past drug dealing relationship and contacts among the suppliers and the victims.

7. Subject Telephone 1 is used by Justin KROMER, who has admitted that Subject Telephone 1 was his phone, and who used that phone in the presence of law enforcement. KROMER also admitted that he supplied heroin to all three victims. In particular, KROMER admitted causing the death of one victim, but claimed that he did not cause the other two deaths, or that he did not remember supplying the fatal heroin to those two victims. However, records obtained in this investigation show

4

that Subject Telephone 1 communicated with the telephones used by all three victims (Subject Telephones 3-5) within 24 hours of their deaths.   In addition, test results show that all three victims died from a similar combination of substances (heroin, fentanyl, and procaine), suggesting that they may have had the same supplier (KROMER).   Accordingly, the location of both KROMER's phone, and the phones of the victims, is relevant and material to show whether those phones appeared to be near each other.

8.   Subject Telephone 2 is used by D.J., a male juvenile who KROMER has identified as his heroin supplier.   In particular, KROMER reported that D.J. supplied stamp bags of heroin marked with "Block Party" and "Blue Magic," which were found at or near the scene of two of the victims' deaths (the users of Subject Telephones 3 and 4).   D.J. was captured in a recorded call stating that he had "Block Party" heroin available, and he appeared to acknowledge that he formerly possessed "Blue Magic" heroin.   This call was recorded by KROMER on April 5, 2016, using Subject Telephone 1 at law enforcement's direction, and KROMER called D.J. on Subject Telephone 2. Subject Telephone 2 was later recovered at D.J.'s home during the execution of a lawful search warrant on April 21, 2016. Records obtained in this investigation show hundreds of contacts between Subject Telephones 1 and 2 in March and early April, 2016, and determining whether these telephones ever appeared to

be in the same location would allow law enforcement to evaluate KROMER's claim that he communicated with D.J. for the purpose of heroin trafficking. The records requested herein would also allow law enforcement to evaluate KROMER's claim that he had been supplied by D.J. for approximately 1-1.5 years, and would allow law enforcement to determine whether KROMER also supplied the victims throughout the same time period, as shown by whether their telephones appeared to be in the same location.

<u>REQUEST FOR ORDER</u>

9. The specific facts articulated in the previous section show that there are reasonable grounds to believe that the records showing historical cell site location information for the Subject Telephones are relevant and material to an ongoing criminal investigation. Specifically, these records will help the United States to identify and locate the individuals who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Verizon Wireless be directed to disclose the H-CSLI records referenced above.

10. The United States further requests that the Order require Verizon Wireless not to notify any person, including the subscribers or customers associated with the Subject Telephones, of the existence of the Order until further order of the Court. See 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of

electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." Id. In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. See 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

11. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these

documents   because   their   premature   disclosure   may   seriously jeopardize that investigation.

Respectfully submitted,

DAVID J. HICKTON
UNITED STATES ATTORNEY

CONOR LAMB
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219
(412) 644-3500 (Phone)
conor.lamb@usdoj.gov
PA ID No. 304874